## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANNA MENKE

    Plaintiff,

v.

DELAWARE NORTH COMPANIES PARKS & RESORTS, INC. d/b/a KENNEDY SPACE CENTER VISITOR COMPLEX, a foreign corporation,

    Defendant.

_____/

CASE NO.:

JURY TRIAL REQUESTED

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ANNA MENKE, by and through her undersigned counsel, sues the Defendant, DELAWARE NORTH COMPANIES PARKS & RESORTS, INC. d/b/a KENNEDY SPACE CENTER VISITOR COMPLEX, and states as follows:

## **JURISDICTIONAL ALLEGATIONS**

1. Plaintiff, ANNA MENKE, is a foreign national citizen of Germany and is otherwise sui juris.

2. Defendant DELAWARE NORTH COMPANIES PARKS & RESORTS, INC. d/b/a KENNEDY SPACE CENTER VISITOR COMPLEX ("DELAWARE NORTH") is incorporated in Delaware with a principal place of business in Buffalo, New York.

3. The matter at controversy in this action exceeds the sum of $75,000.00, exclusive of interest and cost.

4. Pursuant to 28 U.S.C. sec. 1332, this Court has original jurisdiction over the subject matter of this lawsuit.

5. Defendant DELAWARE NORTH is engaged in substantial and not isolated activity within the state of Florida. Furthermore, Defendant operates, conducts, engages in, or carries on a business venture in this State.

6. Pursuant to Fla. Stat. sec. 48.193 and Fed. R. Civ. P. 4, this Court has in personam jurisdiction over Defendant.

7. Pursuant to 28 U.S.C. sec. 1391, venue lies in the Middle District of Florida because a substantial amount of the events giving rise to this claim occurred within the District.

## GENERAL ALLEGATIONS

8. Defendant is a corporation which operates the Kennedy Space Center Visitor's Center under an agreement with the National Aeronautics and Space Administration in Brevard County, Florida.

9. On July 30, 2017, Plaintiff was present at the Kennedy Space Center Visitor's Center as a business invitee. When an afternoon storm began, Plaintiff sought shelter in Science on a Sphere, one of the attractions operated by DELAWARE NORTH. Upon crossing the doorway, she slipped, fell, and suffered injuries.

10. Plaintiff's injuries include a concussion, inner ear damage, ongoing shoulder subluxations requiring surgical care, and nerve damage. These injuries are ongoing in nature and have not resolved.

11. At all times material, Defendant operated, maintained, repaired, and otherwise controlled the Science on a Sphere entryway where Plaintiff tripped and fell.

## COUNT I - NEGLIGENCE

Plaintiff reiterates, realleges, and adopts the foregoing paragraphs 1 through 11 and further alleges:

12. At all times material, Defendant owed a common law and/or statutory, non-delegable duty to the Plaintiff and all other invitees as follows:

   A. To exercise reasonable inspection on the maintenance of the said entryway;

   B. Properly maintain the entryway area to keep it in a reasonably safe condition;

   C. Correct the dangerous condition about which they knew or should have known about; and

   D. To warn of any dangerous conditions that may have existed on the said entryway, such that Plaintiff might use this entryway without subjecting herself to an unreasonable risk of danger.

13. Defendant knew or should have known of the existence of the unreasonably dangerous and unsuitable conditions of the entryway area including but not limited to, the lack of floor mats, non-skid devices, or other safety measures to counteract the foreseeable risk of wet floors. Notwithstanding its actual or constructive knowledge, Defendant failed to:

    A.    Adequately inspect the subject entryway;

    B.    Adequately maintain the entryway;

    C.    Take reasonable measures to properly warn invitees, and in particular, Plaintiff of said dangerous conditions;

    D.    Comply with City, County, State, and Uniform Building Codes; and

    E.    Take other actions that are uncovered during discovery.

14. Defendant, by and through its employees, agents, and/or servants, breached its duty to maintain the subject entryway in a safe and reasonable condition so that pedestrians could safely travel on it in the following ways:

    A.    Failing to correct a condition Defendant knew or should have known about, specifically that the area would become wet and slick during rainy conditions;

    B.    Failing to maintain the subject entryway;

    C.    Failure to properly inspect the subject entryway;

  D. Negligent design of the entryway knowing pedestrians would travel through it in rainy conditions;

  E. Failure to warn of the conditions listed above;

  F. Method of operation; and

  G. Other reasons to be determined through discovery.

 15. As a direct and proximate result of the negligence of Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical care and treatment.

 16. Plaintiff's injuries are permanent and continuing in nature and she will suffer such injuries, losses, and impairments in the future.

 WHEREFORE, Plaintiff ANNA MENKE sues Defendant DELAWARE NORTH COMPANIES PARKS & RESORTS, INC. d/b/a KENNEDY SPACE CENTER VISITOR COMPLEX for harm, losses and damages from personal injuries and demands a trial by jury.

 Dated this 8th day of June, 2021

    WOOTEN, KIMBROUGH, DAMASO &
    DENNIS, P.A.
    P.O. Box 568188
    Orlando, FL 32856-8188
    Ph: (407) 843-7060
    Fax: (407) 843-5836
    Attorneys for Plaintiff

    By: <u>/s/Jackson W. Adams</u>

Jackson W. Adams
FBN: 47970
jadams@whkpa.com